Filed 9/23/25  P. v. Franklin CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>   v.<br><br>TIMOTHY PRINCE FRANKLIN,<br><br>      Defendant and Appellant. | C101815<br><br>(Super. Ct. No. 01F02563) |

Defendant Timothy Prince Franklin appeals from the trial court's order denying his motion for issuance of an amended abstract of judgment.  His counsel filed an opening brief setting forth the facts and procedure of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Franklin was advised by his counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and Franklin has not filed a supplemental brief.

1

Although this is not Franklin's first appeal as of right, in the interest of judicial economy, we exercise our discretion to independently review the record. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233, fn. 6 (*Delgadillo*).) Having done so, we find no arguable error that would result in a disposition more favorable to Franklin. Accordingly, we shall affirm the trial court's order.

BACKGROUND

We described the underlying offenses in our decision in Franklin's prior appeal, *People v. Franklin* (Dec. 14, 2006, C051778) [nonpub. opn.]: "In March 2001, a 14-year-old neighbor of defendant Timothy Prince Franklin let him into her home. When she dropped some coins onto the floor, defendant scooped them up. The girl reached for her coins, but he grabbed her legs, causing her to fall to the floor. Defendant then repeatedly pulled up the girl's shirt, licked her breasts, pulled down her pants, licked her vagina, and put his penis in her vagina."

A jury found Franklin guilty of rape, sexual battery, and the commission of a lewd act on a 14-year-old victim. The jury further found Franklin had a prior strike and serious felony conviction and had served two prior prison terms.

The trial court sentenced Franklin to an aggregate term of 32 years four months, calculated as follows: four years (doubled to eight years due to the strike) for sexual battery; 16 years (eight years doubled due to the strike) for rape, imposed consecutively pursuant to section 667.6; one year four months for the lewd act; plus five years for the prior serious felony and two years (one year each) for the prior prison terms. This court affirmed the judgment. (*People v. Franklin* (Aug. 22, 2003, C040922) [nonpub. opn.].)

In 2005, the trial court granted Franklin's habeas petition and ordered resentencing, finding that the court had improperly imposed a fully consecutive term under section 667.6, subdivision (d), which was not mandatory, and had failed to state a separate reason to support its discretionary choice of that term. (*People v. Franklin*,

2

*supra*, C051778.)  At resentencing, the trial court reimposed the same aggregate term of 32 years four months.  (*Ibid.*)  This court affirmed the judgment.  (*Ibid.*)

In 2023, Franklin filed a petition for resentencing under section 1172.75.  (*People v. Franklin* (July 3, 2024, C099919) [nonpub. opn.].)  The trial court struck the two one-year prior prison term enhancements but declined to strike the five-year serious felony enhancement, resulting in a total sentence of 30 years four months in state prison.  Franklin appealed, and this court affirmed the judgment.  (*Ibid.*)

According to the trial court, in 2024, Franklin filed two postconviction motions (1) contending the trial court had failed to rule on a January 2024 habeas petition, and (2) requesting issuance of an amended abstract of judgment to correct two resentencing errors.  The trial court ruled that it lacked jurisdiction to entertain or rule on postconviction motions absent a statute, rule, appellate decision, or constitutional provision conferring jurisdiction.  On the merits, the court found no record of a January 2024 habeas petition.  As to the claimed resentencing errors, the court determined that a minute order had mistakenly listed Franklin's sentence on the rape count as 16 months instead of 16 years, but the November 2023 abstract of judgment correctly reflected the 16-year term, and a corrected minute order had been filed in January 2024.  The court further rejected Franklin's claim that his section 1172.75 resentencing reduced his sentence by only 16 months, finding instead that two one-year prior prison term enhancements had been stricken.  Therefore, there was no error to correct.  Defendant appealed.

## DISCUSSION

In *Wende*, our Supreme Court held that "Courts of Appeal must conduct a review of the entire record whenever appointed counsel submits a brief on direct appeal which raises no specific issues or describes the appeal as frivolous."  (*Delgadillo*, *supra*, 14 Cal.5th at p. 221.)  The *Wende* procedure applies "to the first appeal as of right and is

compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution." (*Ibid*.)

In *Delgadillo*, our Supreme Court held that *Wende* independent review is not required in an appeal from a postconviction order denying a section 1172.6 petition for resentencing, because the denial does not implicate a defendant's constitutional right to counsel in a first appeal as of right. (*Delgadillo*, *supra*, 14 Cal.5th at pp. 222, 224-226.) The court further found that general due process principles regarding fundamental fairness did not compel a *Wende* independent review of the order. (*Id.* at pp. 229-231.) Nevertheless, in the interest of judicial economy, the court exercised its discretion to conduct its own independent review of the record, given that the lower court's "suboptimal" notice did not inform the defendant that his appeal might be dismissed as abandoned if he did not file a supplemental brief. (*Id.* at pp. 222, 232-233 & fn. 6.)

While *Delgadillo* addressed the application of *Wende* review procedures in the specific context of a postconviction relief order under section 1172.6 (*Delgadillo*, *supra*, 14 Cal.5th at p. 231, fn. 5 ["[i]n this case, we are not deciding *Wende's* application to other postconviction contexts, which may present different considerations"]), the same principles may nonetheless apply in the present matter given that this is not Franklin's first appeal as of right. However, we need not decide whether *Delgadillo* in fact governs review of this order denying Franklin's motion for issuance of an amended abstract of judgment, because, like our Supreme Court, we exercise our discretion to conduct an independent review of the record.

Our review of the record indicates that Franklin did not request a ruling on a petition for writ of habeas corpus. On December 17, 2023, Franklin signed a motion for issuance of an amended abstract of judgment. This document does not bear a stamp indicating it was filed in the trial court. On February 5, 2024, Franklin utilized Judicial Council form HC-004 requesting a ruling on his December 17, 2023 motion. To be clear, Franklin did not file a habeas petition. Although Franklin stated that a copy of the

4

"petition" was attached to the notice, the attached document, however, was Franklin's motion for an amended abstract of judgment, signed on December 17, 2023. On June 5, 2024, Franklin filed an identical motion to the motion signed on December 17, 2023. Accordingly, the trial court believed that Franklin had filed a habeas petition—which could not be found in the record—and a motion for an amended abstract of judgment. Our review of the record, however, discloses that Franklin only sought a ruling on a motion for an amended abstract of judgment.

Having thus reviewed and clarified the record, we find no arguable error that would result in a disposition more favorable to Franklin.

DISPOSITION

The trial court's order is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
MAURO, Acting P. J.

/s/
FEINBERG, J.